IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| WORD OF LIFE CHURCH OF EL PASO, and TOM BROWN, § § § | |
| *Plaintiffs*, § § | |
| v. § | Civil Action No. 3:17-CV-00049-DCG |
| § | |
| STATE FARM LLOYDS, § § § | |
| *Defendant*. § | |

## PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Word of Life Church of El Paso and Tom Brown ("Plaintiffs") in the above-entitled and numbered cause and show the Court and Jury as follows:

### I.

### PARTIES

1. Plaintiff, Word of Life Church of El Paso is a church, incorporated under Texas Law, and has been at all times relevant to the events that form the basis of this lawsuit.

2. Plaintiff, Tom Brown, is and was the pastor of Word of Life Church of El Paso during all times pertinent to this litigation. He is a resident of El Paso, Texas.

3. Defendant, State Farm Lloyds ("State Farm") is a Texas insurance company and with may be served with this amended pleading through its counsel of record in this cause.

## II.

## JURISDICTION AND VENUE

4. On January 19, 2017, Plaintiffs brought this action in the 41st Judicial District Court of El Paso County, Texas. Notice of Removal at 1, ECF No. 1; *see also id.*, Ex. 1, Tab 2 ("Original Petition"). On February 14, Plaintiffs amended their Original Petition to name State Farm Lloyds.[1] *See id.*, Tab 6. Defendant was served on February 14, 2017. Notice of Removal at 1-2. On February 21, 2017, State Farm filed its Notice of Removal which removal became final on April 14, 2017. ECF No. 1; ECF No. 7.

5. The events forming the basis of the allegations in the lawsuit occurred in El Paso County, Texas and venue is proper in El Paso County, Texas.

## III.

## FACTUAL SUMMARY

6. Word of Life Church purchased an insurance policy from State Farm prior to 2011. The insurance policy was in effect during the entire pendency of the matters pertaining to this lawsuit. The policy is attached as Exhibit 1.[2]

7. Section II, Option DO (Directors, Officers and Trustees Liability), of the Policy states:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "wrongful acts" committed by an insured solely in the conduct of their management responsibilities for the church.

8. Under the Policy, wrongful acts mean, "any negligent acts, errors, omissions or breach of duty directly related to the operations of your church."

9. In addition, the Policy covers damages caused by "advertising."

---

[1] Plaintiffs originally filed this action against State Farm Lloyds, Inc. *See* Original Pet. ¶ 4.
[2] Exhibits referenced herein refer to same as attached to the Original Petition.

10. Coverage L under the Policy states that the insured's policy covers "advertising injury caused by an occurrence … [t]he occurrence must be committed in the course of advertising your goods, products or services."

11. Under the Policy, advertisement means "a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters."

12. On or about September 12, 2011, Mayor John Cook ("Mayor Cook") filed a lawsuit[3] against Word of Life Church of El Paso, Tom Brown (pastor of Word of Life Church), and Tom Brown Ministries, among others, alleging that Word of Life Church and the other defendants violated Section 253.094 of the Texas Election Code by impermissibly circulating recall petitions and supporting efforts to recall Mayor Cook. Plaintiff's Third Amended Petition, Application for Temporary Restraining Order, Request for Temporary Injunction and Permanent Injunction, and For Declaratory Judgment ("Plaintiff's Third Amend. Petition") ¶¶ 18-19, 22-24, 36-41.[4] Section 253.094 on its face prohibits corporations from making political contributions in connection with a recall election including circulation and submission of petitions to call such an election:

> A corporation or labor organization may not make a political contribution in connection with a recall election, including the circulation and submission of a petition to call an election.

Tex. Elec. Code § 253.094(b). Mayor Cook further alleged Word of Life Church improperly made or accepted political contributions "in raising and spending approximately $4,000 in the recall effort, without creating a new SPAC [Specific Purpose

---

[3] *John F. Cook v. Tom Brown Ministries et al.*, Cause No. 2011DCV02792, In the County Court at Law No. 3 of El Paso County, Texas.
[4] A true and correct copy of Plaintiff's Third Amended Petition is attached hereto as Exhibit 2.

3

Political Action Committee] and designating a treasurer". *Id*. at ¶ 41. More specifically, Mayor Cook alleged Word of Life Church "by and through [its] officers, directors, and agents, furnished or transferred to the recall effort the value of updated websites, social media, furnished facilities and premises for circulation of petitions, meetings, copies of petitions, and other things of value, in violation of Section 253.094." *Id*. at ¶ 39.

13. Mayor Cook sought injunctive relief generally and under Election Code Section 273.081 "to prevent to the circulation, submission and certification of recall petitions procured through means prohibited by the Texas Election Code and applicable law." *Id*. at ¶ 47 and ¶¶ 34-50.

14. Mayor Cook further alleged he was entitled to money damages for Word of Life Church having "knowingly" violated the Election Code. The Election Code provides for damages when one "knowingly makes or accepts a campaign contribution in violation of this chapter . . ." Tex. Elec. Code § 253.131(a).[5] This section further defines damages as "twice the value of the unlawful contribution or expenditure; and (2) reasonable attorney's fees incurred in the suit." *Id*. at (d).

15. Word of Life Church denied the allegations in the lawsuit and further asserted a corporate entity circulating recall petitions and supporting a recall election is protected activity under the United States Constitution and cannot be prohibited. As such, neither are such activities criminal. To the extent State Farm attempts to rely on the alleged violation of the above sections, or other sections, of the Election Code, as constituting criminal activity and excluding coverage under the Policy, Plaintiffs assert that these

---

[5] A true and correct copy of Texas Election Code Section 253.131 is attached hereto as Exhibit 3.

4

statutory provisions would be unconstitutional as applied to Plaintiffs (and under these facts).

16.     On November 28, 2011, after hearing, County Court at Law No. 3 denied injunctive relief. Thereafter, Mayor Cook filed an interlocutory appeal as to denial of his request for temporary injunction.

17.     On February 17, 2012, the Eighth Court of Appeals held Word of Life Church violated the Election Code by: (1) making "campaign contributions from its own property in connection with a measure-only recall election without properly making the contributions to a measure-only committee, Tex. Elec. Code Ann. 253.096 (West 2010)"; and (2) as a corporation "making a political contribution in connection with a recall election, including the circulation and submission of petitions to call an election, and [having] failed to make such contribution to a political committee in violation of Sections 253.096 and 253.094(b) of the Election Code." *See Cook v. Tom Brown Ministries*, 385 S.W.3d 592, 603 (Tex. App. – El Paso, 2012 pet. denied).[6]

18.     State Farm acknowledges Word of Life Church, through Pastor Tom Brown, notified State Farm of the lawsuit and made claims related to the causes of action in the lawsuit at least as of January 24, 2012.

19.     In addition, on December 18, 2012, Word of Life Church, through its attorneys, asserted claims in writing and requested defense and indemnification under the policy.

---

[6] A true and correct copy of *Cook v. Tom Brown Ministries* is attached hereto as Exhibit 4.

20.     In a letter dated February 22, 2013, State Farm notified Word of Life Church that State Farm was denying Word of Life's request for defense and indemnification to in the lawsuit.[7]

21.     On April 6, 2016, the County Court a Law No. 3 entered an order finding that Word of Life Church was liable for damages to Mayor Cook and set the case for a trial on damages on May 9, 2016.  In other words, the trial court held Word of Life was obligated to pay damages to Mayor Cook—in an amount to be determined at a trial on damages.[8]

22.     On April 18, 2016, Word of Life Church, through its attorneys, requested State Farm reconsider its denial of coverage and again sought legal representation on behalf of Word of Life Church.

23.     On May 4, 2016, State Farm again denied any liability under the policy and refused to defend Word of Life Church.

24.     During hearings prior to the trial on damages, counsel for Mayor Cook stated Cook would seek a multiplier of his attorney's fees which he claimed were in excess of $675,000, and the Court indicated it would likely grant an instruction to the jury permitting it to grant a multiplier of the fees.  Thus, Word of Life Church faced the real prospect of a damages award in excess of $1,000,000 if the matter was decided at trial.  In view of the Court's prior rulings and statements, on the eve of trial Word of Life Church entered into an Agreed Judgment so as to limit the amount of damages to $475,000.

---

[7] Plaintiffs made claims based on Plaintiff's Third Amended Petition.  Mayor Cook later filed his Fourth Amended Petition.  However, the relevant allegations forming the bases of alleged liability against Tom Brown and Word of Life remained substantively the same as alleged in his Third Amended Petition.
[8] A true and correct copy of the Order Granting Summary Judgment is attached hereto as Exhibit 5.

6

25. The judgement against Word of Life Church is covered by its policy with State Farm. Section II, Option DO (Directors, Officers and Trustees Liability), and section L covering advertising injuries, cover this claim.

26. The order against Word of Life Church was based on the acts of Pastor Tom Brown in supporting the recall effort **as pastor of the church.** The allegations against Tom Brown were based on his actions as pastor of the church. And the liability of Word of Life Church was predicated on Pastor Brown acting in his official capacity as pastor of the church. *See Cook v. Tom Brown Ministries*, 385 S.W.3d 592, 602-03 (Tex. App. – El Paso, 2012 pet denied). In fact, the entire basis for the liability stems from the "corporate involvement" of Word of Life Church.

27. The court of appeals found Word of Life Church liable because of what the church put on its website. The court further found that the insureds advertised on the website for people to sign the recall petition. Thereafter, the trial court found Word of Life had violated the Texas Election Code. *Id*.

28. Participating in the recall effort was a ministry and service of the church.

29. On or about July 25, 2016, Word of Life Church submitted a claim to State Farm under the Policy of $475,000 and $450,000 for the damages judgment Word of Life became obligated to pay.

30. Word of Life has fully complied with all of its duties under the Policy.

## IV.

## CLAIMS FOR RELIEF

### COUNT 1

### Breach of Contract

### Failure to Pay

31. Plaintiffs reallege all matters in the preceding paragraphs, which are incorporated herein by reference as if fully set forth.

32. Word of Life Church and State Farm entered into a contractual agreement in which State Farm agreed to pay those sums that the insured becomes legally obligated to pay as damages because of "wrongful acts" committed by an insured solely in the conduct of their management responsibilities for the church, and for any advertising injury caused by an occurrence of advertising the goods, products or services of Word of Life Church. The policy covers Tom Brown individually.

33. Word of Life Church and Tom Brown became legally obligated to pay Mayor John Cook $418,750 because of the acts of Pastor Tom Brown, based on his conduct in the management responsibilities for the church.

34. Word of Life Church and Tom Brown became legally obligated to pay Mayor John Cook $418,750 due to the advertising of Word of Life's goods, products and services.

35. Word of Life Church and Tom Brown have fully performed all conditions, covenants, and promises under the contract with State Farm.

36. Word of Life Church and Tom Brown have performed all conditions precedent to the filing of this petition.

37. Word of Life Church and Tom Brown timely provided State Farm Notice of the claim(s) which came within the coverage of the policy and demanded payment of the claim(s) by State Farm.

38. Despite timely notice and proper demand to pay the claim(s) State Farm has denied the claim(s) and has failed and refused to pay.

39. Although duly notified, State Farm has failed and continues to fail to pay the Word of Life Church and Tom Brown claim(s). This has made it necessary for Word of Life Church and Tom Brown to employ an attorney to sue for the value of the claim. Claim for payment was presented to State Farm prior to the filing of this action and remains unsatisfied. State Farm is liable to Word of Life Church and Tom Brown for reasonable attorney's fees under Chapter 38.001, *et seq.* of the Texas Civil Practice and Remedies Code. In the event of an appeal to the Court of Appeals or further appeal to the Texas Supreme Court, Word of Life Church and Tom Brown would be entitled to additional attorney's fees.

40. State Farm's breach of the insurance contract directly and proximately caused, or was a producing cause of, damages to Plaintiffs as further set forth below.

**Duty to Defend**

41. Plaintiffs reallege all matters in the preceding paragraphs, which are incorporated herein by reference as if fully set forth.

42. Word of Life Church and State Farm entered into a contractual agreement in which State Farm agreed, and had a duty, to defend Word of Life Church and Tom Brown against suit. Furthermore, suit was filed against Word of Life Church and Tom

Brown by Mayor Cook which made allegations that if true would be covered by the insurance policy.

43. However, as described above, despite timely notice to State Farm of the suit, State Farm wholly failed and refused to assume the duty to defend thereby breaching the terms of the policy.

44. State Farm's breach has made it necessary for Word of Life Church and Tom Brown to employ an attorney to sue for the value of the claim. Claim for payment was presented to State Farm prior to the filing of this action and remains unsatisfied. State Farm is liable to Word of Life Church and Tom Brown for reasonable attorney's fees under Chapter 38.001, *et seq.* of the Texas Civil Practice and Remedies Code. In the event of an appeal, Word of Life Church and Tom Brown would be entitled to additional attorney's fees.

45. Word of Life Church and Tom Brown are further entitled to attorney's fees as damages for attorney's fees incurred in its defense of the lawsuit in the sum of $925,000.

46. State Farm's breach of the insurance contract directly and proximately caused, or was a producing cause of, damages to Plaintiffs as further set forth below.

## V.

## COUNT 2

### Unjust Enrichment

47. Plaintiffs reallege all matters in the preceding paragraphs, which are incorporated herein by reference as if fully set forth.

48. In the alternative, if the same be necessary, because State Farm has obtained a benefit from Word of Life Church and Tom Brown by fraud or taking undue advantage,

Word of Life Church and Tom Brown allege that State Farm received value or benefits (the payment of the claim and attorney representation) from Word of Life Church and Tom Brown by fraud, duress, or taking undue advantage. Word of Life Church and Tom Brown are entitled to money damages to avoid unjust enrichment to/by State Farm.

49. Although duly notified, State Farm has failed and continues to fail to pay Word of Life Church and Tom Brown the reasonable market value of the claim and attorney's services all to the damage of Word of Life Church in the sum of $418,750 and $925,000 respectively. This has made it necessary for Word of Life Church and Tom Brown to employ an attorney to sue for the value of the claim/agreed judgment/services/attorney's fees/unjust enrichment to State Farm and to promise to pay the attorney a reasonable fee. Claim for payment was presented to State Farm prior to the filing of this action and remains unsatisfied. State Farm is liable to Word of Life Church and Tom Brown for reasonable attorney's fees under Chapter 38.001, *et seq.* of the Texas Civil Practice and Remedies Code. In the event of an appeal, Word of Life Church and Tom Brown would be entitled to additional attorney's fees.

## VI.

## COUNT 3

### Bad Faith Insurance Dealings

50. Plaintiffs reallege all matters in the preceding paragraphs, which are incorporated herein by reference as if fully set forth.

51. There was an insurance agreement between Word of Life Church and State Farm.

52. Pursuant to this insurance agreement, State Farm agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of 'wrongful acts' committed by an insured solely in the conduct of their management responsibilities for the church."

53. Under the Policy, wrongful acts mean, "any negligent acts, errors, omissions or breach of duty directly related to the operations of your church."

54. In addition, the Policy covers damages caused by "advertising."

55. Coverage L under the Policy states that the insured's policy covers "advertising injury caused by an occurrence … [t]he occurrence must be committed in the course of advertising your goods, products or services."

56. Under the Policy, advertisement means "a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters."

57. The liability and damages Word of Life Church and Tom Brown incurred due to the lawsuit brought by Mayor Cook are covered under the State Farm insurance agreement.

58. Pursuant to this contract, State Farm owed Word of Life Church and Tom Brown a duty to act in good faith and fair dealing in processing Plaintiffs' claims.

59. State Farm breached this duty when it denied coverage under the insurance agreement when it knew or reasonably should have known liability was reasonably clear.

60. Coverage was reasonably clear under the Policy. The order by the court assessing liability on behalf of Mayor Cook was based on the acts of Word of Life Church, through its Pastor, Tom Brown, in circulating the recall petitions. These recall petitions

were advertised on the church's website. Pursuing the recall matter was a ministry and a service of the church.

61. State Farm's denial of coverage despite liability being reasonably clear, was intentional and/or grossly negligent.

62. State Farm's breach of its duty of good faith and fair dealing directly and proximately caused damages to Plaintiffs as further set forth below.

## VII.

## Declaratory Judgment

63. Plaintiffs further seek a declaratory judgment, pursuant to the Texas Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code § 37.001 *et seq*., that State Farm had a duty to defend Word of Life Church and Tom Brown under the Policy.

64. Plaintiffs seeks their costs, attorney's fees and expenses from State Farm pursuant to Tex. Civ. Prac. & Rem. Code § 37.009.

## VIII.

## Jury Trial

65. Plaintiffs request trial by jury.

## IV.

## Damages

66. The conduct of State Farm herein has directly and proximately caused, or was a producing cause, of the following damages to Word of Life Church and Pastor Tom Brown, for which they seek judgment against State Farm for:

13

(a) actual damages including damages for mental anguish, economic damages, loss of benefits under the policy, loss of the policy premiums, loss of the benefit of the bargain;

(b) pre an post-judgment interest;

(c) court costs;

(d) attorney's fees; Tex. Civ. Prac. & Rem. Code Chapter 38.001 *et seq.;* § 37.009 and/or as provided in the Policy;

(e) Special damages, including attorney's-fees-as-damages and based on principles of equity in the sum of at least $925,000 in favor of Plaintiffs, because 1) Plaintiffs were forced to defend themselves against Mayor Cook's lawsuit; 2) Plaintiffs incurred reasonable and necessary attorney's fees in the Mayor Cook lawsuit; and 3) the instant suit was the natural and proximate consequence of State Farm's wrongful conduct as more particularly described herein above;

(f) exemplary damages; and

(g) judgment for all other relief to which Word of Life Church and Tom Brown may show themselves justly entitled.

**WHEREFORE**, premises considered, Plaintiffs pray that upon final hearing hereof that they recover their damages and costs, pre and post judgment interest and such other and further relief either at law or in equity, both special and general, to which they may be entitled including reasonable attorney's fees at trial, on appeal or collateral attack.

Respectfully submitted,

Troy C. Brown
300 E. Main
10th Floor, Suite 1000
El Paso, TX 79901
Phone (915) 543-9669
Fax (888) 922-3353
troy@tcblegal.com
By:

/s/*Troy C. Brown*_____
TROY C. BROWN
 SBN:  00783735

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on July 31, 2017 to Ruben S. Robles, Robles, Bracken & Hughes, 310 N. Mesa, Suite 700, El Paso, Texas 79901-1364 pursuant to the Court's Electronic Notice Procedures established for the United States District Court for the Western District of Texas.

/s/*Troy C. Brown*_____
TROY C. BROWN